UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian KAKOWSKI,<br>CDCR #BF-3315,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Correctional Sergeant GONZALES, et al.,<br><br>                    Defendants. | Case No.:  24-cv-1314-AGS-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING IN PART SECOND AMENDED COMPLAINT (ECF 13); AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE** |

On January 22, 2025, the Court dismissed plaintiff Brian Kakowski's first amended complaint with leave to amend. (ECF 12.) Although the first amended complaint stated a retaliation claim against defendants Gonzalez and Torres, it failed to state a claim against the remaining defendants—defendant Moore and four others—for retaliation, due process, or access to the courts. (*Id*. at 5–8.) Kakowski has now filed a second amended complaint naming only Gonzales, Torres, and Moore as defendants. (ECF 13.) Once again, only the retaliation claim against Gonzales and Torres survives screening, and Kakowski is entitled to have the U.S. Marshal effect service on those defendants. Defendant Moore and the remaining claims are dismissed without further leave to amend.

SCREENING

**A.    Legal Standard**

The Court must screen Kakowski's second amended complaint and dismiss it, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2),1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

1

2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted).

## B.    Kakowski's Allegations

Kakowski once again alleges that on the morning of January 11, 2023, Sergeant Gonzalez ordered a random search of Kakowski's 6-person cell. (ECF 13, at 10.) A "hypodermic needle" was allegedly found "under" Kakowski's "bunk or bunk area," and Kakowski received a Rules Violation Report. (*Id.*)

Kakowski claims that the search was "not in any way random" but part of a conspiracy between Gonzales and another defendant, Officer Torres. (ECF 6-1, at 10.) As it turns out, on the "very same day [the] cell search was conducted, Kakowski had "a settlement conference" in a civil-rights case he was bringing against prison personnel for "failure to protect" Kakowski from Hepatitis-C exposure. (*Id.* at 10–11.) Going into the settlement conference, Kakowski claims the parties "had a number of 4–5 thousand" dollars in mind for settlement. (*Id.* at 11.) But Kakowski says that "a few hours after [the] cell search," Gonzales was setting up the conference call for him and stated, "so much for your big pay out." (*Id.*) At the settlement conference, according to Kakowski, the Magistrate Judge revealed that "over the weekend" the Attorney General "had a change of heart" and that the new settlement offer was $500 "or go to trial." (*Id.*) Kakowski claims his constitutional right of access to the courts was denied because, but for those actions, he would have settled his case for four to five thousand dollars. (*Id.* at 4.)

At an initial hearing on the Rules Violation Report, defendant Lieutenant Moore placed a phone call to Torres, but turned "his chair and back" on Kakowski, so Kakowski couldn't hear the conversation. (*Id.* at 13.) Moore also denied Kakowski's requests "to ask [Torres] a question" and "for Torres to repeat what he just said" on the phone "for the record." (*Id.*) Kakowski told Moore about the lawsuit and his "feelings" that Torres had a retaliatory motive, but Moore dismissed those concerns and found him guilty. (*Id.*) Kakowski claims Moore based his guilty finding on fabricated evidence and despite a video

2

of the cell search which does not support the guilty finding. (*Id*. at 13–14.) Kakowski claims Moore's actions were part of the conspiracy between Moore, Gonzales, and Torres to violate his federal constitutional rights. (*Id*. at 14–15.) The second amended complaint abandons the claims against the remaining defendants. (*See id*. at 3, 9.)

## C.    Discussion

### 1.    *Retaliation*

Kakowski's retaliation claim in the second amended complaint, which is based on identical allegations from the first amended complaint, survives screening against Sergeant Gonzales and Officer Torres for the same reasons set forth in the Court's January 22, 2025 order. (*See* ECF 12, at 5–6.) The Court previously found Kakowski failed to state a retaliation claim against Lieutenant Moore, who was alleged to have acted with a retaliatory motive simply by finding Kakowski guilty on false grounds, because such "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); (ECF 12, at 6–7).

Kakowski has not presented facts plausibly alleging that Lieutenant Moore acted in retaliation of Kakowski's lawsuit, so his retaliation claim fails. To prove First Amendment retaliation in the prison context, a plaintiff must show: (1) "that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005). "A plaintiff successfully pleads [the last] element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." *Watison*, 668 F.3d at 1114–15 (quotation marks omitted).

Kakowski's claim once again falters on the final element. Kakowski alleges that Moore found him guilty at the hearing on the Rules Violation Report but does not provide facts that suggest a retaliatory motive for doing so. *See Soranno's Gasco, Inc. v. Morgan*,

874 F.2d 1310, 1314 (9th Cir. 1989) ("[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision."). Thus, the retaliation claim against defendant Moore in the second amended complaint is dismissed sua sponte for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Kakowski is entitled to have the U.S. Marshal effect service of the summons and second amended complaint on his behalf against defendants Sergeant Gonzales and Officer Torres. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### 2.  *Access to Courts*

Once again, Kakowski's access-to-courts claim (*see* ECF 13, at 4) does not survive screening. The Supreme Court recognizes "two categories" of access-to-courts claims: "forward-looking" and "backward-looking." *Christopher v. Harbury*, 536 U.S. 403, 413, 414 n.11 (2002). "Backward-looking" claims, like Kakowski's, cover "specific litigation [that] ended poorly," or that was never commenced, due to official interference. *Id.* at 413–14.

"[W]hen the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Kakowski contends that the government was amenable to settling his prior case for up to $5,000, but that offer dropped to $500 after the hypodermic needle was allegedly planted in his cell. (*See* ECF 13, at 4.) The Court noted in its prior dismissal order that Kakowski failed to allege whether his case actually settled and, if so, for what amount, leaving the Court "to guess . . . at the remedy being sought independently of relief that might be available." (ECF 12, at 8 (quoting *Christopher*, 536 U.S. at 418).) Kakowski has not cured this pleading defect, as he provides no further clarifying allegations in this regard.

4

### 3. *Conspiracy*

To the extent Kakowski attempts to bring a conspiracy claim (*see* ECF 13 at 9), he "must show 'an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citations omitted). He alleges Sergeant Gonzales and Officer Torres planted a needle in his cell and Lieutenant Moore found him guilty of possessing the needle, but there are no factual allegations showing an agreement or meeting of the minds between the defendants. "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Any allegation of conspiracy here fails as entirely conclusory.

### 4. *Due Process*

It appears Kakowski has abandoned his due-process claim. To the extent he attempts to state such a claim based on the finding of guilt at the Rules Violation Report hearing (*see* ECF 13, at 14), it fails for the same reasons the Court explained in its last dismissal order, in which it dismissed this claim without leave to amend. (*See* ECF 12, at 7.)

## CONCLUSION

Thus, the Court orders as follows:

1. The retaliation claim may proceed against defendants Gonzales and Torres only. Otherwise, all claims against all defendants in the second amended complaint are **DISMISSED**. Since Kakowski has already been provided "notice of the complaint's deficiencies and an opportunity to amend," further leave to amend is denied. *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

2. The Clerk must issue a summons as to Kakowski's second amended complaint (ECF 13) for defendants Gonzales and Torres and forward it to Kakowski, along with a blank U.S. Marshal Form 285. For use in serving these defendants, the Clerk will provide Kakowski with certified copies of the second amended complaint and summons. Upon receipt of this "In Forma Pauperis Package," Kakowski must complete the USM Form 285 as completely and accurately as possible, *include an address where defendants may be found and/or subject to service*, and return the forms to the United States Marshal according

5

to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package. *See* S.D. Cal. CivLR 4.1(c).

3. The U.S. Marshal must serve a copy of the second amended complaint and summons upon defendants Sergeant Gonzales and Officer Torres as directed by Kakowski on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Once served, defendants Gonzales and Torres must reply to Kakowski's second amended complaint as well as to any subsequent pleading Kakowski files in this matter in which defendants are named as a party, and they must do so within the time provided by the applicable provisions of Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening defendants are required to respond).

5. After service has been completed by the U.S. Marshal, Kakowski must serve upon defendants or—if appearance has been entered by counsel—upon defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. *See* Fed. R. Civ. P. 5(b). With every original document Kakowski seeks to file with the Clerk, Kakowski must include a certificate stating the manner in which a true and correct copy of that document has been served on defendants or their counsel, as well as the date of that service. *See* S.D. Cal. CivLR 5.2. The Court may disregard any document that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon defendants or their counsel.

Dated:  April 1, 2025

Hon. Andrew G. Schopler
United States District Judge

24-cv-1314-AGS-BLM